IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHAMSA ALSHIBLI**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-2000-L-BN** |
| | § | |
| **CITY OF MESQUITE**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On July 9, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered, recommending that the court **grant in part and deny in part** Defendant City of Mesquite, Texas's ("Defendant" or "City of Mesquite") Second Partial [sic] Motion to Dismiss Under Rule 12(b)(6) ("Motion") (Doc. 9).[1] No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report.

Plaintiff filed a First Amended Complaint, which is the live pleading, on September 25, 2024, against the City of Mesquite and multiple John and Jane Doe Defendants, who are identified as correctional officers for the Mesquite Police Department, for alleged violations of the Religious Land Use and Institutionalized Persons Act; the First Amendment to the United States Constitution; the Texas Constitution; the Texas Religious Freedom and Restoration Act; and she requests a declaratory judgment. *See* Doc. 7. In Defendant's Motion, it seeks dismissal of

---

[1] Defendant refers to its Motion as a "partial motion." A party cannot file a "partial motion." The correct appellation should be Defendant City of Mesquite, Texas's [Motion for Partial Dismissal], as the Motion does not seek dismissal of all of Plaintiff's claims.

**Order – Page 1**

Plaintiff's § 1983 claim; requests for monetary damages for her RLUIPA and Texas Constitution claims; and requests for prospective equitable relief relating to the removal of her headscarf. *See* Doc. 9. The Defendant subsequently narrowed the relief it seeks in its Reply in Support of Its Second Partial Motion to Dismiss ("Reply") (Doc. 12) to dismissal of Plaintiff's First Amendment claim, asserted against it under 42 U.S.C. § 1983; her request for monetary damages under the Texas Constitution; and her request for prospective equitable relief relating just to the removal of her hijab (but not any evidence of that in the City's custody). Report 4; *see* Doc. 12.

The court first addresses Plaintiff's claim against the City of Mesquite pursuant to 42 U.S.C. § 1983. To state a claim under *Monell,*[2] a plaintiff must sufficiently set forth factual allegations from which the court can reasonably infer: "(1) that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality; (2) that the allegedly unconstitutional action constitutes a custom or policy; and (3) that there was a violation of constitutional rights whose moving force is the policy or custom." *Brown v. Tarrant Cnty., Texas,* 985 F.3d 489, 497 (5th Cir. 2021) (internal quotation marks and citations omitted).

Magistrate Judge David Horan determined that Plaintiff failed to plausibly allege that an official policy of the City of Mesquite was the moving force behind any alleged constitutional violation. Report 12. Further, he determined that while Ms. Alshibli identified alleged policymakers, she failed to plausibly allege facts that would allow the court to reasonably infer that the challenged policy was promulgated or ratified by a policymaker. *Id.* Because Plaintiff fails to plausibly allege the first two prongs of *Monell*, the magistrate judge did not take up the moving-force prong. *Id.* at 14 (citing *Brown*, 985 F.3d at 497 & n.11; *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010)).

---

[2] *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).

Next, Magistrate Judge Horan recommends that the court dismiss with prejudice Ms. Alshibli's request for monetary damages under the Texas Constitution because "Texas does not have an implied private right of action for damages for violation of constitutional rights." Report 15 (quoting *Freeland v. Tarrant Cnty., Tex.*, No. 4:18-cv-845-A, 2019 WL 339452, at *5 (N.D. Tex. Jan. 28, 2019); *see also McLean v. Meeks*, No. 3:15-cv-3037-C, 2015 WL 13851039, at *2 (N.D. Tex. Nov. 5, 2015)). Finally, he recommends that the court dismiss as moot Plaintiff's request for prospective equitable relief because she is no longer in custody at the Mesquite Jail. *Id.* at 15-16. As a result, the magistrate judge recommends that the court **grant in part** and **deny in part** Defendant's Motion and **dismiss with prejudice** Plaintiff's 42 U.S.C. § 1983 claim against the City of Mesquite; **dismiss with prejudice** her request for monetary damages under the Texas Constitution; and **dismiss as moot** her request for prospective equitable relief relating to the removal of her hijab (but not photographs and videos of her possessed by the City).

As stated earlier, Plaintiff did not file objections to the Report. A magistrate judge's findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g., Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019). Moreover, the opportunity to file objections to the Report allows Plaintiff another opportunity to show that her claims should not be dismissed and that the court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended

complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

In addition to not filing any objections to the Report, Plaintiff has not requested to amend her pleadings, and "[a] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 387 (5th Cir. 2003) (citation omitted). The court, therefore, **determines** that Plaintiff has pleaded her best case as it relates to the claims that the court is dismissing, and allowing further amendment will be futile and unnecessarily delay the resolution of this action.

Having considered the Report, Complaint, Motion to Dismiss, record, and applicable law, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants in part** and **denies in part** Defendant's Motion (Doc. 9), and it **dismisses with prejudice** Plaintiff's 42 U.S.C. § 1983 claim against the City of Mesquite; **dismisses with prejudice** her request for monetary damages under the Texas Constitution; and **dismisses with prejudice** her request for prospective equitable relief relating to the removal of her hijab (but not photographs and videos of her possessed by the City). Plaintiff's claims for alleged violations of the Religious Land Use and Institutionalized Persons Act; the Texas Constitution (as those related to non-monetary damages other than prospective equitable relief relating to the removal of her hijab); and the Texas Religious Freedom and Restoration Act remain.

Finally, Plaintiff must identify and serve all of the Doe Defendants by **November 28, 2025**. If any Doe Defendant is not identified and served by this date, Plaintiff must seek an extension of time to serve such Defendant and show good cause why service could not be effected by **November 28, 2025**. *If Plaintiff fails to comply with either instruction of the court regarding any*

Order – Page 4

*of the Doe Defendants, this action will be dismissed as to such Defendant, without prejudice pursuant to Federal Rule of Civil Procedure 4(m).*

      **It is so ordered** this 29th day of September, 2025.

Sam A. Lindsay
United States District Judge
